FILED: May 13, 2022

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 22-1495
(1:20-cv-00908-CMH-TCB)

———————————

WUDI INDUSTRIAL (SHANGHAI) CO., LTD.,

        Plaintiff - Appellant,

v.

WAI L. WONG,

        Defendant - Appellee,

and

GT OMEGA RACING LTD.,

        Counter Claimant - Appellee.

———————————

O R D E R

———————————

This case began with a trademark dispute between two gaming competitors:

(1) Wudi Industrial (Shanghai) Co., Ltd. (which obtained a registration for the stylized logo

mark "GTRACING"); and (2) Wai L. Wong (who owned GT Omega Racing, Ltd.)

(collectively, GTOR). After GTOR successfully petitioned the Trademark Trial and

Appeal Board to cancel Wudi's trademark, Wudi filed a civil action for judicial review of

the Board's decision in the United States District Court for Eastern District of Virginia. To

resolve the litigation, Wudi and GTOR reached a confidential settlement and concurrent-

use agreement, which established the parties' rights and restrictions regarding the promotion and sales of their products. The district court stayed the action and retained jurisdiction to enforce the settlement agreement.

About nine months later, GTOR filed a motion to enforce the parties' settlement agreement, claiming Wudi had breached a restriction in the agreement. Wudi denied violating the agreement and further urged the court to conclude that GTOR's own unclean hands and breaches of the agreement precluded GTOR from seeking equitable relief.

The district court granted the motion to enforce, ordered Wudi to immediately cease certain conduct and take other specific action within seven days, and retained jurisdiction "to enforce this Order through findings of contempt." ECF 5-2. With the exception of a single clause stating that Wudi was "in breach of Paragraphs 6(b) and 11 of the Settlement Agreement," *id.*, the district court's order does not "set forth the factual findings and conclusions of law that support the court's action," Fed. R. Civ. P. 52(a), or "state the reasons why [an injunction] was issued," Fed. R. Civ. P. 65. Nor does the order provide any indication that the district court applied the four-factor test that must be satisfied before a court may grant injunctive relief. See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Wudi noticed an appeal and asked us to stay the district court's order pending appeal.

Our jurisdiction to consider this appeal turns on whether the district court "grant[ed] . . . [an] injunction" within the meaning of 28 U.S.C. § 1292(a)(1). Although the district court "did not use the magic word 'injunction,'" it appears to us that the order may well be "injunctive in nature, requiring [Wudi] to perform enumerated steps under threat of the

2

contempt power," *Union Oil Co. v. Leavell*, 220 F.3d 562, 566 (7th Cir. 2000). At the same time, however, "the absence of any semblance of effort by the District Court to comply with Rule 65(d)" is evidence that the district court did not intend to enter "an order granting an injunction." *Gunn v. Univ. Comm. to End the War in Viet Nam*, 399 U.S. 383, 389 n.4 (1970).

Because we are uncertain about the nature of the relief granted, we remand for the district court to clarify whether it intended to enter an injunction—and, if it did, to make the requisite supporting findings under Federal Rules of Civil Procedure 52(a) and 65 and conduct the balancing test set forth in *eBay*, 547 U.S. at 391–93.

Although a timely filed notice of appeal generally "transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal," this Court has "recognized limited exceptions to the general rule that permit district courts to . . . take action that aids the appellate process." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). We will therefore retain jurisdiction over this case while the district court clarifies its order in aid of our jurisdiction. This Court's temporary stay will remain in effect until this Court has an opportunity to consider any clarifications or additional findings by the district court. Upon remand, the district court should act with all deliberate speed to resolve the inquiry.

Entered at the direction of Judge Heytens with the concurrence of Judge Agee. Judge King filed a separate statement.

For the Court

<u>/s/ Patricia S. Connor, Clerk</u>

3

KING, Circuit Judge, separate statement:

I write separately to state that I would prefer to dissolve our temporary stay of last Friday and deny Wudi's motion for a stay pending appeal, in that it failed to comply with Federal Rule of Appellate Procedure 8(a). Nevertheless, I do not object to the agreement of my good colleagues in their order concerning referral of the injunction question to the district court. I observe, however, that the district judge and the parties could apparently alleviate the injunction question — and thus act in aid of the appeal — by simply proceeding to a final judgment disposing of the case. In that circumstance, a 28 U.S.C. § 1291 final order appeal would be warranted.